James F. Niehoff, J.
This is a proceeding brought pursuant to CPLR article 78 in which the petitioner Virginia Ray seeks judgment directing the respondents to pay said petitioner $43.60 per month retroactively for each month her public assistance grant was decreased by $71.67 because of income received from a roomer.
The petitioner and her two minor children are recipients of public assistance in the Aid to Families with Dependent Children category (AFDC). Petitioner’s monthly grant was $474 which included a shelter allowance of $225. Several deductions were made from the monthly grant resulting in a net grant of $301.90. One of the deductions was in the amount of $71.67 attributable to income received from a roomer or lodger who paid rent of $86.67 a month.
The monthly mortgage payments made by said petitioner were $283.60.
A statutory hearing was requested to review the various items of deduction and the respondent Commissioner of New York State Department of Social Services affirmed the determination of the respondent Nassau County Department of Social Services as to the $71.67 deduction for roomer’s income. This is the only matter before the court.
The respondents’ determination was predicated upon the applicability of section 352.30 (e) of the Regulations of the New York State Department of Social Services (18 NYCRR 352.30 [e]) which provided: "A non-legally-responsible relative or unrelated person in the household, who is not applying for nor receiving public assistance shall not be included in the budget and shall be deemed a lodger or a boarding lodger. The amount that the lodger or boarding lodger pays shall be verified and treated as income to the family. For the lodger, the amount in excess of $15 per month shall be considered as *450 income; for such boarding lodgers, the amount in excess of $60 per month shall be considered income. In the event a lodger does not contribute at least $15 per month, the families shelter allowance including fuel for heating shall be a pro-rata share of the regular shelter allowance.”
The last sentence of the regulation has been deleted as the result of litigation before the United States Supreme Court (Van Lare v Hurley, 421 US 338) because it created a presumption that a nonpaying lodger was contributing to the household without inquiry as to whether contributions were in fact being made.
In the present case no irrebutable presumption is involved as to the contribution made by the roomer, that sum being ascertainable, to wit, $86.67. Herein petitioner claims that inasmuch as section 352.30 (e) of the Regulations of the New York State Department of Social Services arbitrarily fixes the amount of expenses chargeable against a roomer’s rent at $15 said section violates the due process clause of the United States Constitution. Additionally it is asserted that the standardization of such expenses is invalid because it is in contravention of the Social Security Act and the applicable Federal regulations promulgated thereunder.
The petitioner further argues that the provisions of section 352.17 of the Regulations of the New York State Department of Social Services (18 NYCRR 352.17 [b] [3]) are applicable to her case.
With respect to the latter contention, respondents argue that petitioner has misconstrued the meaning and purpose of the shelter allowance, which is awarded to a recipient above and beyond the regular Aid to Dependent Children grant of public assistance. According to the respondents the shelter payment may take the form of a rent allowance, under 18 NYCRR 352.3, based upon a maximum rent schedule established by the local agency (which maximum petitioner was awarded); or it may take the form of meeting expenses of client-owned property which is used as a home, under 18 NYCRR 352.4, in which case the mortgage and carrying charge allowance may not exceed the maximum rent payment under the aforementioned schedule. In essence, respondents claim that petitioner is seeking to gain a windfall by collecting more than the maximum shelter grant allowed in Nassau County by excluding verified income from her budget.
The court cannot accept respondents’ claim and agrees with *451 petitioner’s contention that the provisions of section 352.17 (b) (3) of the Regulations of the New York State Department of Social Services (18 NYCRR 352.17 [b] [3]) are applicable to petitioner’s case. Said regulation provides: "In computing net income from client-owned property all operating expenses shall be deducted from the gross property income and shall include usual carrying charges, principal payments and repairs. Where the income does not fully meet gross property cost but where the property is used as the home and where the net property cost is less than the agency rent schedule allows for such a recipient, the net cost may be included in the budget estimate of need as a shelter item.”
The above section was interpreted by respondent (then acting commissioner) Stephen Berger in the Matter of Simone O. In Simone O., on facts not unlike those herein the agency had determined to reduce the grant by an amount which would budget as income all but $15 of the rent received by the recipient. In his decision rendered on June 24, 1975 the acting commissioner wrote: "The record in this case establishes that the appellant’s residence is also income producing, and that she is entitled, pursuant to the cited Regulation [18 NYCRR 352.17 (b) (3)], to a shelter allowance equal to her operating expenses less the property income, up to the maximum of the agency’s shelter allowance schedule. Accordingly, the agency improperly determined to reduce the appellant’s grant by reducing her shelter allowance to an amount less than the allowance as correctly computed.”
Here, the income from the property used as petitioner’s home does not fully meet gross property costs. The net property cost — $283.60 mortgage payment less $86.67 income or $196.93 — should be included in the budget estimate of need as the shelter item. The shelter allowance of $225 should be reduced to $196.93 which is the net cost of providing shelter. Consequently, the correct amount of reduction should have been the difference between $225 and $196.93, to wit, $28.07 rather than $71.67, the difference between the lodger’s rent of $86.67 and the sum of $15 which the respondents deducted therefrom as an expense.
Accordingly, the petitioner Virginia Ray is entitled to judgment directing the respondents to pay said petitioner $43.60 per month retroactively for each month for which her grant was decreased $71.67 because of income received from a roomer.
*452 As stated above earlier, petitioner maintains that 18 NYCRR 352.30 (e) must be declared unconstitutional and invalid because it creates an irrebutable presumption with no rational basis in fact, to wit, that expenses incurred in generating lodger income total a constant $15 per month. In light of the above holding it is unnecessary for the court to pass upon that question.